# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL VALDEZ MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondents. | Case No. 1:22-cv-01416-EPG-HC<br><br>ORDER FOR SUPPLEMENTAL BRIEFING<br><br>ORDER DIRECTING RESPONDENT TO FILE RESPONSE TO MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Luis Miguel Valdez Mendez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges a Federal Bureau of Prisons' policy of refusing to allow prisoners with immigration detainers to earn time credits under the First Step Act. On January 13, 2023, Respondent filed a motion to dismiss the petition, arguing that "this Court should dismiss the petition for lack of Article III standing and ripeness, and statutorily for lack of jurisdiction under § 2241." (ECF No. 8 at 1.)[1]

On February 6, 2023, the Bureau of Prisons ("BOP") issued Change Notice 5410.01 CN-1, which, *inter alia*, struck language from Program Statement 5410.01 relating to inmates with "unresolved immigration status." Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn2.pdf.[2] On March 10, 2023, the BOP

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the BOP program statement and change notice. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of

1  issued Change Notice 5410.01 CN-2, which made changes to the application of earned time
2  credits. Bureau of Prisons, Change Notice No. 541001 CN-2 (Mar. 10, 2023),
3  https://www.bop.gov/policy/progstat/5410.01_cn2.pdf. The Court finds that supplemental
4  briefing addressing the Change Notices to Program Statement 5410.01 would assist the Court in
5  this matter.

6  Additionally, Petitioner has filed a motion for temporary restraining order, alleging that
7  his PATTERN score has been improperly increased to medium, which prevents him from
8  applying his earned time credits, and that his "case manager refuses to permit [him] to access the
9  administrative remedy process and . . . ripped up [his] written grievance" and thus he has "no
10 access to the BOP grievance system due to [his] case manager's actions." (ECF No. 12 at 4.) The
11 Court finds that a response from Respondent to the motion for temporary restraining order would
12 assist the Court in this matter.

13 Accordingly, the Court HEREBY ORDERS:

14 1. Within thirty (30) days of the date of service of this order, Respondent shall file a
15    supplemental brief addressing the Change Notices to Program Statement 5410.01 and any
16    effect they have on the petition and motion to dismiss;

17 2. Within fourteen (14) days of the date of service of this order, Respondent shall file a
18    response to Petitioner's motion for temporary restraining order;

19 3. Within seven (7) days of the date of service of Respondent's response to the motion for
20    temporary restraining order, Petitioner may file a reply.

IT IS SO ORDERED.

Dated:  **May 2, 2023**              /s/ Erica P. Grosjean
                                     UNITED STATES MAGISTRATE JUDGE

---

BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").