# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL VALDEZ MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, FCI MENDOTA,<br><br>Respondents. | Case No. 1:22-cv-01416-EPG-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, DENYING RESPONDENT'S MOTION TO DISMISS AS MOOT, DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, AND DIRECTING CLERK OF COURT TO CLOSE CASE |

Petitioner Luis Miguel Valdez Mendez is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 9, 10.) For the reasons stated herein, the Court dismisses as moot the petition Respondent's motion to dismiss, and Petitioner's motion for temporary restraining order.

## I.

## BACKGROUND

In the petition, Petitioner challenges a Federal Bureau of Prisons' policy of refusing to allow prisoners with immigration detainers to earn and apply First Step Act ("FSA") time credits ("FTCs"). (ECF No. 1.) On January 13, 2023, Respondent filed a motion to dismiss the petition, arguing that "this Court should dismiss the petition for lack of Article III standing and ripeness, and statutorily for lack of jurisdiction under § 2241." (ECF No. 8 at 1.)[1]

On February 23, 2023, Petitioner requested the Court to send him a copy of the government's response because he had not received any response due to issues with the

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  institutional mail system. (ECF No. 11.) On March 13, 2023, Petitioner filed a motion for
2  temporary restraining order. (ECF No. 12.) On March 15, 2023, the Court granted Petitioner
3  twenty-one days to file an opposition or statement of non-opposition to the motion to dismiss.
4  (ECF No. 14.) To date, Petitioner has not filed an opposition or statement of non-opposition. Per
5  the Court's order, (ECF No. 16), Respondent filed a supplemental brief regarding mootness and
6  a response to Petitioner's motion for temporary restraining order, (ECF No. 18).

## II.

## DISCUSSION

### A. Mootness

The Court has "an independent duty to consider *sua sponte* whether a case is moot." Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004) (citing Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)). The jurisdiction of federal courts is limited to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477). "When subsequent events resolve the dispute, such that no live issues remain or the parties lack a legally cognizable interest in the outcome, a case becomes moot." Cuviello v. City of Vallejo, 944 F.3d 816, 824 (9th Cir. 2019) (citation omitted). "A case that becomes moot at any point during the proceedings is 'no longer a 'Case' or 'Controversy' for purposes of Article III,' and is outside the jurisdiction of the federal courts." United States v. Sanchez-Gomez, 138 S. Ct. 1532, 1537 (2018) (citation omitted).

The apparent Bureau of Prisons ("BOP") policy challenged in the petition provides in pertinent part that "[w]hile inmates with unresolved pending charges and/or detainers may earn FTCs, if otherwise eligible, they will be unable to apply them to prerelease custody or release to supervision unless the charges and/or detainers are resolved. An inmate with an unresolved immigration status will be treated as if he/she has unresolved pending charges with regard to the

1  application of FTCs." (Hubbard Decl. ¶ 14, ECF No. 8-1 at 6 (internal quotation marks omitted)
2  (quoting Bureau of Prisons, Program Statement 5410.01, *First Step Act of 2018 – Time Credits:*
3  *Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, at 13)). On February 6, 2023, the BOP
4  issued Change Notice 5410.01 CN-1, which struck the language quoted above from Program
5  Statement 5410.01. Bureau of Prisons, Change Notice No. 541001 CN-1 (Feb. 6, 2023),
6  https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited June 7, 2023).[2] "As a result of
7  Change Notice 5410.01, federal prisoners subject to immigration detainers are no longer
8  automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-
9  00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023). This change in policy is
10 recognized in Respondent's supplemental brief, (ECF No. 18 at 4), and also reflected in
11 Petitioner's motion for temporary restraining order, in which Petitioner acknowledges that "the
12 BOP has changed its policy concerning inmates being able to apply their First Step Act earned
13 time credits (BOP Program Statement 5410.01)," (ECF No. 12 at 4). Based on the foregoing, the
14 Court finds that the petition is moot given that the policy challenged in the petition is no longer
15 in place.[3]

### B. Motion for Temporary Restraining Order

In the motion for temporary restraining order, Petitioner asserts that although the BOP has changed its policy regarding inmates with immigration detainers being able to apply their FTCs, "the BOP still is preventing [Petitioner] from applying [his] earned time credit via another similar scheme," alleging that his PATTERN score has been improperly increased to medium and prevents him from applying his FTCs. (ECF No. 12 at 4–5.) Petitioner requests the Court to order Respondent "to immediately apply all of the earned time credits which [Petitioner] is entitled to under Section 101 of the First Step Act of 2018 and release him to supervision or prerelease custody as required under 18 U.S.C. 3632(d)(4)(C)." (Id. at 1.)

---

[2] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of the BOP program statement and change notice. Fed. R. Evid. 201. See United States v. Thornton, 511 F.3d 1221, 1229 n.5 (9th Cir. 2008) (taking judicial notice of BOP program statement); United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record[.]").

[3] Petitioner has not opposed the motion to dismiss and does not argue that any exception to the mootness doctrine is applicable.

"A preliminary injunction is an extraordinary remedy never awarded as of right."[4] Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. "A district court may not grant a preliminary injunction if it lacks subject matter jurisdiction over the claim before it." Shell Offshore Inc. v. Greenpeace, Inc., 864 F. Supp. 2d 839, 842 (D. Alaska 2012), aff'd, 709 F.3d 1281 (9th Cir. 2013). Additionally, "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810 F.3d 631, 633 (9th Cir. 2015). The issues raised in the motion for temporary restraining order were not pled in the petition, and as set forth in section II(A), *supra*, this Court lacks jurisdiction over the petition. Accordingly, the motion for temporary restraining order shall be denied as moot.[5]

Accordingly, the Court HEREBY ORDERS:

1. The petition for writ of habeas corpus (ECF No. 1) is DISMISSED as MOOT;
2. Respondent's motion to dismiss (ECF No. 10) is DENIED as MOOT;
3. Petitioner's motion for temporary restraining order (ECF No. 12) is DENIED as MOOT; and
4. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated:  **June 7, 2023**                    /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[4] "The standard for a [temporary restraining order] is the same as for a preliminary injunction." Rovio Entm't Ltd. v. Royal Plush Toys, Inc., 907 F. Supp. 2d 1086, 1092 (N.D. Cal. 2012) (citing Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001)).

[5] This conclusion does not preclude Petitioner from raising any challenge with respect to his PATTERN score in a new proceeding. The Court expresses no opinion as to the merits of such claims or whether the jurisdictional and procedural requirements are satisfied.